THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANIE BARTHLE,

    Plaintiff,

v.

NELSON, WATSON & ASSOCIATES, LLC,

    Defendant.
_____/

CASE NO. 6:09-cv-1714-Orl-31GJK

## COMPLAINT

COMES NOW the Plaintiff, JANIE BARTHLE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NELSON, WATSON & ASSOCIATES, LLC, alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the Dade City, Pasco County, Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with a business office in Haverhill, Massachusetts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt (see Plaintiff's call-log attached as Exhibit A).

12. On September 17, 2009, Defendant called Plaintiff after 9 p.m. (see Exhibit A).

13. Defendant places collection calls to Plaintiff and fails to disclose that Nelson, Watson, & Associates is a debt collector (see transcribed voicemail message attached as Exhibit B).

14. On September 11, 2009, Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt. To date, no lawsuit has been filed.

15. On September 11, 2009, Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for an alleged consumer debt. To date, no wages have been garnished.

16. On September 11, 2009, Defendant called Plaintiff and insisted on a conference call with a member of Plaintiff's family member to discuss payment of the debt (see Exhibit A).

17. Defendant called Plaintiff's sister-in-law more than once.

18. Defendant called Plaintiff, sister-in-law and disclosed that Plaintiff owes a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's sister-in-law and failing to identify itself or state that he is confirming or correcting location information concerning the Plaintiffs.

b) Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's sister-in-law and disclosing the fact that Plaintiff owes a debt.

c) Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's sister-in-law more than once when Defendant was not requested to do so and without reasonable belief that the earlier response of Plaintiff's sister was erroneous or incomplete.

d) Defendant violated *§1692c(a)(1)* of the FDCPA by calling Plaintiff's after 9 o'clock postmeridian, local time at the Plaintiff's location.

e) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

f) Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring and engaging Plaintiff in telephone conversations repeatedly so as to constitute harassment.

g) Defendant violated *§1692e* of the FDCPA by making false, deceptive, and

misleading representations in connection with debt collection.

h)      Defendant violated *§1692e(4)* of the FDCPA by misrepresenting that the nonpayment of the alleged debt will result in garnishment.

i)      Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant did not intend such action to be taken.

j)      Defendant violated *§1692e(5)* of the FDCPA by threatening to garnishment when Defendant did not intend such action to be taken.

k)      Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect a debt when Defendant called Plaintiff's sister-in-law more than once, failed to disclose its identity, and informed her that Plaintiff owes a debt.

l) Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect a debt when Defendant insisted on a conference call with Plaintiff's family member in order to discuss payment of the debt.

m)      Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

n)      Defendant violated *§1692f* by engaging in unfair an unconscionable means to collect or attempt to collect a debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

21. Actual damages.

22. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

                                 RESPECTFULLY SUBMITTED,


                            By:   /s/  Matthew Kiverts
                                Matthew Kiverts
                                Krohn & Moss, Ltd
                                120 W Madison St, 10th Floor
                                Chicago, IL 60602
                                Phone:  (312) 578-9428 ext. 203
                                Fax:    (866) 431-5576
                                Attorney for Plaintiff
                                FBN: 0013143


## **DEMAND FOR JURY TRIAL**

     PLEASE TAKE NOTICE that Plaintiff, JANIE BARTHLE, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, JANIE BARTHLE, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JANIE BARTHLE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/26/09                                    *Janie Barthle*
                                                  JANIE BARTHLE,
                                                  Plaintiff

VERIFIED COMPLAINT                                                                    5

# **EXHIBIT A**

Page | 1                                     10/1/2009 3:09:51 PM



Janie A Barthle

37816 Wdcf Drive

Dade City, Florida  33525

(352)437-4261 home

(352)467-0066 cell

Janies-angels@tampabay.rr.com

Phone Call from Aroiny Santana @ Nelson, Watson and Associates
9/11/2009 @ 12:08p.m. re: Washington Mutual account Amount 16,000.00 approx.

Stated that she could not do any type of settlement unless I signed up for their hardship program.
She enrolled me into the program and stated that all kind of "red flags" had shown up. She passed me off to a man I didn't catch his name he stated that these "flags" usually mean that the client has already decided to move forward with legal proceedings, however he would like to see it stay out of court. We offered 5,000.00 he stated that we were to pay half or they would proceed with the lawsuit and garnish John's wages and asked where I planned to get this money when I stated I planned to borrow from a family member he stated that 8,000.00 more was not too much to ask for he kept insisting on a three way conference call between me, himself and my family member and when that didn't work he then stated that he was going to call John at work When I stated that was illegal he informed me that it was not only legal but his right in order to settle this matter I then informed him I was hanging up.

Two messages left on John's work voice mail.

Called Cell Phone @ 9:00am and 1:09pm

9/15/2009        Called Donna Barthle Re: serious problem that need to be taken care of
                 immediately. She wanted to know why a debt collector was calling her
for us?

9/16/2009  8:23p.m.   Phone call from Aroiny Santana. Said that we still needed to take care of this matter. I informed her that we no longer could offer 5,000.00 but could do 3,000.00 she wanted to transfer me again I told her it was late and I was not going to fight with someone at this time of the day.

Page | 1                                    10/1/2009 3:09:51 PM



Janie A Barthle

▇▇▇▇▇▇ Drive

▇▇▇▇▇▇ Florida 33525

▇▇▇▇▇▇ home

▇▇▇▇▇▇ cell

▇▇▇▇▇▇@tampabay.rr.com

Home Phone:

| Date: | Time | | |
|---|---|---|---|
| 9/11/2009 | 12;08p.m. | plus | called John@work NWA |
| 9/13/2009 | 2:49p.m. | NWA | |
| 9/14/2009 | 6:29p.m. | NWA | |
| 9/15/2009 | 2:57p.m. | plus | called my sister-n-law@ her home NWA |
| 9/16/2009 | 8;23p.m. | NWA | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| 9/23/2009 | ▇▇▇ | ▇▇▇ | |
| 9/23/2009 | 7:22p.m. | NWA | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |
| ▇▇▇ | ▇▇▇ | ▇▇▇ | |

Cell Phone:

| Date: | Time: | |
|---|---|---|
| 8/14/2009 | 10;12a.m. | NWA |
| 8/20/2009 | 11;35a.m. | NWA |
| 8/31/2009 | 2:49p.m. | NWA |
| 9/2/2009 | 6;48p.m. | NWA |
| 9/4/2009 | 4:29p.m. | NWA |
| 9/10/2009 | 4;27p.m. | NWA |

Page | 2

| Date | Time | |
|---|---|---|
| 9/11/2009 | 9;00a.m. | NWA |
| 9/11/2009 | 1;09p.m. | NWA |
| 9/14/2009 | 6;28p.m. | NWA |
| 9/15/2009 | 2:58p.m. | NWA |
| 9/17/2009 | 9:21p.m. | NWA |
| ▬▬▬ | ▬▬▬ | ▬▬ |
| 9/21/2009 | 3:05p.m | NWA |
| ▬▬▬ | ▬▬▬ | ▬▬ |
| 9/23/2009 | 7:24p.m. | NWA |
| ▬▬▬ | ▬▬▬ | ▬▬ |
| ▬▬▬ | ▬▬▬ | ▬▬ |
| ▬▬▬ | ▬▬▬ | ▬▬ |



NWA-Nelson, Watson & Associates

**EXHIBIT B**

**Janie Barthle v. Nelson, Watson & Associates**

Hi, Mrs. Janie Barthle, this is _____ Santana with Nelson, Watson & Associates.  Please return my call as soon as you get this message.  I am calling to follow up and know what you intend to do in regards to this.  My telephone number is 1800-830-0284, extension 2016.  Thank you.